Anna Y. Park, SBN 164242
Sue J. Noh, SBN 192134
Rumduol Vuong, CA SBN 264392
Lorena Garcia-Bautista, SBN 234091
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
255 East Temple Street, Fourth Floor
Los Angeles, CA 90012
Telephone: (213) 894-1108
Facsimile: (213) 894-1301
E-Mail:  lado.legal@eeoc.gov

Attorneys for Plaintiff
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>             Plaintiff,<br><br>     vs.<br><br>CLOUGHERTY PACKING, LLC, d/b/a FARMER JOHN; and Does 1-10 Inclusive,<br><br>             Defendants. | Case No.:<br><br>**COMPLAINT—TITLE VII**<br>• **Sexual Harassment**<br><br>**JURY TRIAL DEMAND** |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex, and to provide appropriate relief to Charging Parties and other individuals who were adversely affected by such practices. As set forth with

greater particularity in this Complaint, Plaintiff United States Equal Employment Opportunity Commission ("Plaintiff" or "Commission") alleges that Defendant Clougherty Packing, LLC d/b/a Farmer John ("Defendant") subjected three Charging Parties and other adversely affected female employees to sexual harassment during their employment with Defendant.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to §§ 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were and are now being committed company-wide with most of the unlawful employment practices were and are now being committed within the jurisdiction of the United States District Court for the Central District of California.

## PARTIES

3. The Commission is an agency of the United States of America, charged with the administration, interpretation, and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3), Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

5. At all relevant times, Defendant has continuously been a corporation doing business in the State of California, and has continuously had at least 15 employees.

## CONDITIONS PRECEDENT

6. More than thirty days prior to the institution of this lawsuit, Charging

Parties filed their charges of discrimination with Plaintiff alleging violations by Defendant of Title VII.

7. The Commission investigated the charges of discrimination against Defendant. Plaintiff issued Letters of Determination finding that Charging Parties and a class of other adversely affected individuals who were subjected to unlawful employment discrimination based on their sex in violation of Title VII.

8. Prior to instituting this lawsuit, Plaintiff attempted to eliminate the unlawful employment practices herein alleged and to effect voluntary compliance with Title VII through informal methods of conciliation, conference, and persuasion within the meaning of Section 706(b) of Title VII, 42 U.S.C. Sections 2000e-5(b) and 2000e-6. All conditions precedent to this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

9. Defendant has engaged in unlawful employment practices of such wrongful acts in violation of Sections 703(a) and 704(a) of Title VII, 42 U.S.C. Section 2000e-2(a), 2000e-3(a) by subjecting Charging Parties and a class of individuals who were also subjected to a sexually hostile work environment ("adversely-affected employees") to sexual harassment.

10. Defendant knew or should have known of the sexual harassment of the Charging Parties and other adversely-affected employees, Defendant failed to take prompt and effective remedial action reasonably calculated to end the harassment.

11. The effect of the practices complained of above has been to deprive Charging Parties and other adversely affected individuals of equal employment opportunities and otherwise adversely affects their status as employees because of their sex.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

    A.    Grant a permanent injunction enjoining Defendant, its officers, successors, agents, servants, employees, attorneys, and all persons in active concert or participation with them from engaging in sexual harassment, retaliation, and any other employment practice which discriminates on the basis of sex.

    B.    Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities, and which eradicate the effects of its past and present unlawful employment practices.

    C.    Order Defendant to make whole Charging Parties and other adversely affected individuals in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to reinstatement of Charging Parties or front pay in lieu thereof.

    D.    Order Defendant to make whole Charging Parties and other adversely affected individuals by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, including but not limited to backpay and prejudgment interest on lost pay and benefits in amounts to be determined at trial.

    E.    Order Defendant to make whole Charging Parties and other adversely affected individuals by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of above, including but not limited to emotional pain, suffering, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

    G.    Grant such further relief as the Court deems necessary and proper in the public interest.

    H.    Award the Commission its costs of this action.

///

///

///

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Dated: September 29, 2017           Respectfully Submitted

JAMES L. LEE,
Acting General Counsel

GWENDOLYN YOUNG REAMS,
Associate General Counsel

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
131 "M" Street, N.E.
Washington, D.C. 20507

By: _____
ANNA Y. PARK
Regional Attorney

SUE J. NOH
Supervisory Trial Attorney

RUMDUOL VUONG,
Supervisory Trial Attorney

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION