JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br>Plaintiff,<br><br>v.<br><br>CLOUGHERTY PACKING, LLC<br>Defendant.<br>_____ | Case No. : CV 17-7221-DMG (AFMx)<br><br>**CONSENT DECREE [5]** |

## I.   INTRODUCTION

Plaintiff U.S. Equal Employment Opportunity Commission (the "EEOC" or "Commission") and Defendant Clougherty Packing, LLC d/b/a Farmer John (hereinafter "Defendant") hereby stipulate and agree to entry of this Consent Decree to resolve the Commission's Complaint, filed under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* ("Title VII"). The EEOC alleges Defendant engaged in unlawful employment practices by subjecting Charging Parties and other similarly situated individuals (hereinafter "Claimants") to a sexually hostile work environment in violation of §703(a) of Title VII, 42 U.S.C. § 2000e-2(a).

## II.   PURPOSES AND SCOPE OF THE CONSENT DECREE

In the interest of resolving this matter, the Commission and Defendant (hereinafter "the Parties") have agreed that this action should be finally settled by entry of this Consent Decree ("Decree").  This Decree shall be binding on and enforceable against Defendant and its officers, directors, agents, successors and assigns.  The scope of this Decree is company-wide unless otherwise noted. Nothing in this Agreement shall be deemed or can be used as an admission by Defendant that any unlawful employment practices in fact occurred.  The Parties have entered into this Decree for the following purposes:

A.   To provide appropriate monetary and injunctive relief;

B.   To ensure that Defendant's employment practices comply with Title VII;

C.   To ensure a work environment free from sex harassment;

D.   To ensure training for Defendant's managers, supervisors, human resource, and other employees with respect to their obligations and rights under Title VII;

E.   To review and update Defendant's procedures for handling

harassment complaints;

F.  To provide an appropriate and effective mechanism for receiving and handling discrimination, and harassment complaints in the workplace; and

G.  To avoid the time, expense, and uncertainty of further litigation.

## III.  RELEASE OF CLAIMS

A.  The Parties agree that this Decree completely and finally resolves all claims made in the EEOC's Complaint filed in this action in the United States District Court, Central District of California, captioned *U.S. Equal Employment Opportunity Commission vs.Clougherty Packing LLC;* Case No. 2:17-cv-07221-AS (hereafter "Action").  The Decree also completely and finally resolves all claims made in, and arising out of Charge Nos. 480-2010-00283, 480-2010-00079, and 480-2012-02916.

B.  Nothing in this Decree shall be construed to preclude the EEOC from bringing suit to enforce this Decree in the event that Defendant fails to comply with the terms of this Decree.

C.  Nothing in this Decree shall be construed to limit or reduce Defendant's obligation to comply fully with Title VII or any other federal employment statute.

D.  This Decree in no way affects the EEOC's right to bring, process, investigate or litigate other charges that may be in existence or may later arise against Defendant other than the claims brought in this Action.

## IV.  JURISDICTION

A.  The Court has jurisdiction over the parties and the subject matter of this Action.  The Complaint asserts claims that, if proven, would authorize the Court to grant the relief set forth in this Decree.

B.  The terms and provisions of this Decree are fair, reasonable, and just.

C.  This Decree conforms to the Federal Rules of Civil Procedure and

Title VII, and does not derogate the rights or privileges of any person.

  D. Entry of this Decree will further the objectives of Title VII and will be in the best interest of the Parties.

  E. The Court shall retain jurisdiction over this Action for the duration of the Decree for the purposes of entering all orders, judgments, and decrees that may be necessary to fully implement the relief provided herein.

## V. EFFECTIVE DATE AND DURATION OF DECREE

  A. The provisions and agreements contained herein are effective immediately on the date which this Decree is entered by the Court ("Effective Date").

  B. Except as otherwise provided herein, this Decree shall remain in effect for two (2) years after the Effective Date, provided Defendant substantially complies with the terms of this Decree. In the event Defendant does not substantially comply with the terms of this Decree, the Court may order any extension of the duration of this Decree necessary to effectuate the Decree's purposes.

## VI. COMPLIANCE AND DISPUTE RESOLUTION

  A. If the Commission has reason to believe that Defendant has in any way failed to comply with any provision of this Decree, the Commission may bring a motion action before this Court to enforce the Decree. Before filing such a motion, however, the Commission shall notify Defendant of the nature of the dispute. This notice shall specify the particular provision(s) with which the Commission believes Defendant has failed to comply and be served via overnight delivery on Defendant and its counsel. Absent a showing that the delay will cause irreparable harm, Defendant shall have twenty (20) business days from the date of receipt of the notice ("Dispute Resolution Period") to attempt to compliance.

  B. The Parties agree to cooperate with each other and use their best

efforts to resolve any dispute raised by the EEOC.

C. Where there is a showing that a Dispute Resolution Period will cause irreparable harm, the Commission may immediately initiate an enforcement action in this Court, seeking all available relief, including an extension of the duration of the Decree. The notice to Defendant must specify the facts which the Commission claims establishes a showing and provide at least five (5) business days' notice and opportunity to cure. Where there is no such showing, the Commission may initiate an enforcement action after the expiration of the Dispute Resolution Period.

## VII. MODIFICATION AND SEVERABILITY

A. This Decree constitutes the complete understanding of the Parties with respect to the matters contained herein. No waiver, modification or amendment of any provision of this Decree will be effective unless made in writing and signed by an authorized representative of each Party.

B. If one or more provisions of this Decree are rendered unlawful or unenforceable, the parties shall make good faith efforts to agree upon the appropriate amendments to this Decree necessary to effectuate its purposes. If the Parties are unable to reach an agreement, the Court shall order the appropriate alternative provisions necessary to effectuate the purposes of the Decree. Should one or more provisions of this Decree be deemed unlawful, all other provisions shall remain in full force and effect.

## VIII. MONETARY RELIEF

A. In settlement of this Action, Defendant shall pay a total of One Hundred Thousand Dollars ($100,000.00) ("Total Settlement Amount") in monetary relief.[1] Allocation of the Ninety Thousand Dollars ($90,000.00) remaining settlement amount to be paid to each Claimant shall be at the sole discretion of the EEOC.

---

[1] Of the $100,000 Total Settlement Amount, Defendant shall allot up to $10,000 to provide additional training.

B. The EEOC shall provide Defendant's counsel with a Distribution List containing the name, address, and the amount of money to be distributed to each Claimant.  Within ten (10) business days of the delivery of the Distribution List, Defendant shall send a check, via certified mail, return receipt requested, a check to each of the Claimants in the amounts designated by the EEOC.  Defendant may use a third party administrator, such as Simpluris, to make such payments on its behalf.

C. If any of the checks are returned to Defendant as undeliverable, Defendant shall immediately notify the EEOC and cooperate with the EEOC to make sure the checks are reissued to the Claimants as soon as possible.

D. The EEOC has designated the monies to be paid to the Claimants as non-wage compensation under Title VII and no tax withholding shall be made.  Defendant or its Claims Administrator shall prepare and distribute 1099 tax reporting forms to each Claimant, and shall make appropriate reports to the Internal Revenue Service and other tax authorities.  Defendant shall be solely responsible for any costs associated with the issuance and distribution of a 1099 tax reporting form to the Claimants.  Claimants shall be solely responsible for taxes payable, if any, on their respective portion of settlement proceeds.

E. Within five (5) business days of the issuance of each settlement check and any 1099 form, Defendant or its Claims Administrator shall provide a copy of each check and related correspondence to the Regional Attorney, Anna Y. Park, U.S. Equal Employment Opportunity Commission, 255 East Temple Street, 4th Floor, Los Angeles, CA 90012.

F. If for any reason any portion of the Total Settlement Amount cannot be distributed to a Claimant as designated by the EEOC, the EEOC shall designate the residual to go to a non-profit charity, which supports the work of educating women particularly in vulnerable communities, to receive the residual amount left

in the Settlement Fund.

## IX. GENERAL INJUNCTIVE RELIEF

A. <u>Non-Discrimination and Non-Retaliation</u>

1. *Non-Discrimination*

Defendant, its directors, officers, agents, management (including all supervisory employees), successors, assigns, and all those in active concert or participation with them, or any of them, shall be enjoined from engaging in employment practices in violation of Title VII. Such employment practices include:

(a) discriminating against persons in violation of Title VII, including sexual harassment;

(b) engaging in or becoming a party to any action, policy, or practice that discriminates against any employee in violation of Title VII, including sexual harassment; or

(c) creating, facilitating, or permitting a hostile work environment in violation of Title VII, including on the basis of sex.

2. *Non-Retaliation*

Defendant, its directors, officers, agents, management (including all supervisory employees), successors, assigns, and all those in active concert or participation with them, or any of them, shall be enjoined from engaging in, implementing, or permitting any action, policy, or practice that retaliates against any current or former employee or applicant because he or she has in the past or during the term of this Decree:

(1) opposed any practice that he or she believed to be discriminatory, harassing, or retaliatory;

(2) filed a charge with the EEOC alleging such a practice;

(3) testified or participated in any manner in any investigation (including

    any internal investigation undertaken by Defendant), proceeding in connection with this case and/or relating to any claim of a Title VII violation;

 (4) was identified as a possible witness or Claimant in this Action;

 (5) asserted any rights under this Decree; or

 (6) sought and/or received any relief in accordance with this Decree.

 B. <u>Policies Concerning Discrimination, Harassment, and Retaliation</u>

 1. Within thirty (30) days after the Effective Date, Defendant shall draft or review and then revise its policies and procedures on discrimination, harassment, and retaliation ("final policy") as described below.

 2. The final policy shall include:

  (a) a clear explanation of prohibited conduct in violation of Title VII, including on the basis of sex, including examples;

  (b) a complete copy of the final internal complaint procedure as described below in sub-section C.

 3. The final policy shall also include assurance that Defendant shall:

  (a) hold all employees, including management, supervisory, lead and human resources employees, accountable for engaging in conduct prohibited under Title VII or this Decree; and

  (b) hold all management, supervisory, and human resources employees accountable for failing to take appropriate action to address discrimination, harassment, or retaliation.

  (c) notify the Teamsters and Local 770 that leads will be held accountable for complying with the final policy, reporting any violations known to them to Human Resources and not retaliating against any employee who uses the internal complaint procedure, assists in the investigation of a complaint, or otherwise assists in a complaint.

  C. <u>Complaint Procedure</u>

  1. Within thirty (30) days after the Effective Date, Defendant shall draft or review and revise its complaint procedure as described below.

  2. The internal complaint procedure shall clearly state that:

   (a) an employee who believes that he or she has suffered discrimination, harassment, or retaliation may file an internal complaint using Defendant's internal complaint procedure, may file an external complaint to any appropriate person or agency, and/or may file an external complaint with Smithfield Foods, Inc.;

   (b) an employee may initiate an internal complaint verbally or in writing to any appropriate person, and that no special form is required;

   (c) Defendant shall not tolerate retaliation against any employee for use of the internal complaint procedure or any external complaint procedure, for assisting in the investigation of a complaint or for otherwise assisting in a complaint;

   (d) the internal complaint procedure does not replace the right of any employee to file a charge or complaint of discrimination, harassment, or retaliation under any available municipal, state, or federal law, and will provide the contact information for the EEOC and state and local Fair Employment Practice (FEP) agencies; and

   (e) if an allegation of discrimination or retaliation against any employee is substantiated, then such conduct will result in appropriate discipline, up to and including discharge.

  3. The internal complaint procedure shall ensure that Defendant will:

   (a) maintain the confidentiality of the complaint, complainant and investigation to the fullest extent possible;

   (b) take every reasonable step to promptly resolve complaints;

  (c) promptly commence a thorough investigation that shall be conducted by Smithfield Foods, Inc. and/or a person trained to conduct such investigations who is not connected with the complaint;

  (d) interview all relevant witnesses, including the complainant, and review all relevant documents;

  (e) ensure the proper scope for investigating complaints and/or allegations of discrimination, harassment, or retaliation;

  (f) provide opportunity for the complainant to respond to tentative findings, except in those circumstances in which it is necessary to take immediate action;

  (g) communicate with the complainant in writing regarding the status of the complaint, investigation, results of the investigation and any remedial action taken; and

  (h) track investigations and maintain written records of all investigatory steps, any findings or conclusions of the investigation and any remedial actions taken.

4. The internal complaint procedure shall also provide an appeal procedure to an appropriate Defendant representative, should the complainant be dissatisfied with the results of an internal investigation.

5. The internal complaint procedure shall NOT require that the complainant:

  (a) confront his or her harasser;

  (b) file an internal complaint instead of or in addition to an external complaint; or

  (c) initiate the complaint process only by submitting a written complaint.

6. Defendant shall confidentially follow-up with every complainant three

months, six months, and twelve months after final resolution of the complaint to inquire whether the complainant believes that he or she has been further harassed and/or retaliated against, and, if necessary, Defendant shall investigate any allegations of retaliation.

7. Defendant shall establish a toll-free complaint hotline ("hotlines") and disseminate the information regarding the hotline to all of Defendant's employees. Defendant shall inform all employees that a complaint can be lodged at any time with the toll-free complaint hotline. The hotline shall provide instructions about making a complaint in both English and Spanish. All calls to the hotline shall be tracked by Defendant during the term of the Decree. Defendant shall also publicize the EEOC's general toll-free number of (800) 669-4000.

8. Defendant shall track all complaints filed under the revised internal complaint procedures and retain records regarding investigation and resolution of all such complaints, including but not limited to those complaints made through the hotline.

9. Defendant shall designate Smithfield Foods Inc. to assist Defendant in receiving complaints of sexual harassment and/or retaliation; to assist in investigations regarding complaints of sexual harassment and/or retaliation; and to evaluate sexual harassment and/or retaliation issues in different departments.

D. <u>Finalizing and Distribution of Final Policy and Complaint Procedure</u>

1. Within thirty (30) days after the Effective Date, Defendant shall provide the Commission with a copy of the above described final policies, including the revised internal complaint procedure described above in sub-section C.

2. Upon receipt, the EEOC shall have thirty (30) days to review and/or comment on the revised policies, including the revised internal complaint procedures described above in sub-section C.

3. If the EEOC does not provide comments within thirty (30) days of receiving the revised policies, Defendant shall distribute the final policies in both English and Spanish, including the revised internal complaint procedure described above in sub-section F, to all employees, including management, supervisory, lead and human resources employees. Defendant shall have each employee who receives a copy of the final policies sign a form acknowledging receipt.

4. Throughout the term of this Decree, Defendant shall post the final policies, including the revised internal complaint procedures described above in sub-section C, in a clearly visible location frequented by employees. Such posting shall be in both English and Spanish.

E. <u>Training</u>

1. All non-management employees shall be required to attend a live training program of at least one hour regarding discrimination, harassment, and retaliation. The training under this section shall include a review of EEO Law; every employee's rights and responsibilities under Title VII and this decree; and Defendant's final policies and procedures for reporting and handling complaints of harassment, discrimination, and retaliation. Examples shall be given of the prohibited conduct to ensure understanding by the employees. All trainings shall be designed to effectively teach adult learners and shall be conducted in both English and Spanish.

The training stated in subsection E.1. shall be mandatory and shall occur once every year for the term of this Decree for non-management employees. The first training shall occur within ten (10) days after EEOC's comments on the training curriculum, as described in sub-section 10 below, or after sixty (60) days from the Effective Date, whichever is later. Any non-management employee who fails to attend any scheduled training shall be trained within (30) days of the live training set forth above.

2. All managerial and supervisory employees, including any employee who is in a position to receive complaints of discrimination, harassment, and retaliation, shall be required to attend a live Management Training at least two hours once every year for the term of this Decree. The first Management Training shall begin within ten (10) days after the EEOC's comments on the training curriculum, as described in sub-section 10 below, or after sixty (60) days from the Effective Date, whichever is later and shall be completed by all management within sixty (60) days. Any managerial and supervisory employee who fails to attend any scheduled Management Training shall be trained within (30) days of the live training set forth above.

All Management Training shall include a review of EEO law; every employee's rights and responsibilities under Title VII; Defendant's final policies and procedures for reporting and handling complaints of harassment, discrimination, and retaliation; how to properly handle and investigate complaints of discrimination, harassment and retaliation in a fair and neutral manner; how to take preventive and corrective measures against discrimination, harassment, and retaliation; and how to recognize and stop discrimination, harassment, and retaliation.

3. All Human Resources employees shall receive at least three hours of advanced Human Resources Training ("HR Training") on investigating complaints of discrimination, harassment, and retaliation; how to take preventative and corrective measures against discrimination, harassment, and retaliation; how to recognize and stop harassment, discrimination, and retaliation; and how to monitor its responsiblities of human resources personnel. The HR Manager shall attend the EEOC's Training for New Investigators in Washington D.C. This HR Training shall be provided to Smithfield by the HR Manager after attending the EEOC's training and/or through an outside provider approved by the EEOC. This HR

Training shall also include review and feedback on the Human Resources employee's response to actual complaints received during the term of the Decree. The HR Training shall occur within fifteen (15) days after EEOC's comments on the training curriculum, as described below, or after sixty (60) days from the Effective Date, whichever is later, and once every year for the term of the Decree.

Within thirty (30) days of the date of hire, for the remainder of the term of this Decree, every new employee, including non-managerial, managerial, supervisory, lead, and human resources employees, shall receive the appropriate training described above.

Within thirty (30) days of the date of promotion, for the remainder of the term of this Decree, every employee promoted from a staff position to a managerial, supervisory, lead or human resources position shall receive the above described Management or HR Training.

Any employee required to attend any training under this Decree shall verify in writing his or her attendance at each training.

Within thirty (30) days after the Effective Date, Defendant shall submit to the EEOC a description of the trainings to be provided and an outline of the curriculum developed for the trainees.

Upon receipt, the EEOC may provide comments within thirty (30) days regarding any necessary revisions to the training.

Defendant shall give the EEOC a minimum of twenty (20) business days advance written notice of the date, time and location of each training provided pursuant to this Decree. An EEOC representative may attend any such training, at the sole discretion of the EEOC.

## X. RECORD-KEEPING

Defendant shall work with Smithfield Foods Inc. to establish a record-keeping procedure that provides for the centralized tracking of discrimination,

harassment and retaliation complaints and the monitoring of such complaints to prevent retaliation. The records to be maintained shall include:

  A. all documents generated in connection with any complaint, including documents relating to all investigations or resolutions of any complaints and the identities of all witnesses identified by the complainant and/or through Defendant's investigation;

  B. all forms acknowledging employees' receipt of Defendant's revised anti-discrimination, anti-harassment and anti-retaliation policy; and

  C. all documents verifying the occurrence of all training sessions and names and positions of all attendees for each session as required under this Decree;

  D. all documents generated in connection with Defendant's confidential follow-up inquiries into whether any complainant believes he or she has been retaliated against; and

  E. Defendant shall make the aforementioned records available to the EEOC within ten (10) business days following a written request by the EEOC.

## XI. REPORTING

In addition to the notice and reporting requirements above, Defendant shall provide the following reports to the EEOC in writing, by mail or e-mail:

  A. Within ninety (90) days after the Effective Date, Defendant shall submit to the EEOC an initial report containing:

    1. a copy of the final anti-discrimination, anti-harassment and anti-retaliation policies, including the final complaint procedures;

    2. a summary of the procedures and record-keeping methods developed with Smithfield Foods Inc. for centralized tracking of discrimination, harassment and retaliation complaints and the monitoring of such complaints;

    3. a copy of all prior (since January 2, 2017) sexual harassment and retaliation complaints made, investigated or resolved, including the names of

the complainants; the nature of the complaint; the names of the alleged perpetrators of discrimination, harassment or retaliation; the dates of the alleged harassment or retaliation; a brief summary of how each complaint was resolved; and the identity of each of Defendant employee(s) who investigated or resolved each complaint and the identity and most recent contact information for each witness identified by the complainant and/or investigation;

        4.     a statement confirming that the required notices pertaining to this Decree and the final revised anti-discrimination, anti-harassment and anti-retaliation policy have been posted; and

        5.     a statement confirming all training has been completed.

    B.     Defendant shall also provide the following reports annually throughout the term of this Decree:

        1.     complete attendance lists for all training sessions required under this Decree that took place during the previous 12 months; and

        2.     a description of all discrimination, harassment and retaliation complaints made, investigated or resolved in the previous 12 months, including the names of the complainants; the nature of the complaint; the names of the alleged perpetrators of discrimination, harassment or retaliation; the dates of the alleged harassment or retaliation; a brief summary of how each complaint was resolved; and the identity of each of Defendant employee(s) who investigated or resolved each complaint and the identity and most recent contact information for each witness identified by the complainant and/or investigation.

    C.     A report detailing any planned changes to the policies, procedures or record-keeping methods for complaints, at least thirty (30) days prior to implementing such changes.

## XII. EEOC'S REQUEST FOR ADDITIONAL INFORMATION

Within thirty (30) days of Defendant's report, the EEOC may request in

writing for additional information and/or documents, and/or for Defendant's employees to be made available. Within thirty (30) days of such request, Defendant is to make this information and/or documents, and/or make these individuals available to the EEOC.

## XIII. COSTS OF ADMINISTRATION AND IMPLEMENTATION OF CONSENT DECREE

Defendant shall bear all costs associated with its administration and implementation of its obligations under this Decree.

## XIV. COSTS AND ATTORNEYS' FEES

Each Party shall bear its own costs of suit and attorneys' fees.

## XV. MISCELLANEOUS PROVISIONS

A. During the term of this Decree, Defendant shall provide any potential successor-in-interest with a copy of this Decree within a reasonable time of not less than thirty (30) days prior to the execution of any agreement for acquisition or assumption of control of any or all of Defendant's facilities, or any other material change in corporate structure, and shall simultaneously inform the EEOC of same.

B. During the term of this Decree, Defendant and its successors shall ensure that each of its directors, officers, human resource personnel, managers, supervisors, and any employee who is in a position to receive complaints of discrimination, harassment, and retaliation is aware of any term(s) of this Decree which may be related to his/her job duties.

C. Unless otherwise stated, all notices, reports and correspondence required under this Decree shall be delivered to the attention of the Regional Attorney, Anna Y. Park, U.S. Equal Employment Opportunity Commission, Los Angeles District Office, 255 E. Temple St., 4th Fl., Los Angeles, CA 90012.

D. The parties agree to entry of this Decree and judgment subject to final approval by the Court.

## XVI. COUNTERPARTS AND FACSIMILE SIGNATURES

This Decree may be signed in counterparts. A facsimile signature shall have the same force and effect of an original signature or copy thereof. All parties, through the undersigned, respectfully apply for and consent to the entry of this Decree as an Order of this Court.

The provisions of the foregoing Consent Decree are hereby approved and compliance with all provisions thereof is HEREBY ORDERED. The Court hereby retains jurisdiction over this Consent Decree until its termination, as determined by this Court.

IT IS SO ORDERED.

DATED:  October 12, 2017

_____
DOLLY M. GEE
UNITED STATES DISTRICT JUDGE